UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CALIBRE CREST FEE OWNER LLC,

    Plaintiff,

-vs-                                                  Case No. 6:20-cv-340-Orl-37GJK

KESHIA WRIGHT,

    Defendant.

_____

## **REPORT AND RECOMMENDATION**[1]

      This cause came on for consideration without oral argument on Defendant's motion to proceed *in forma pauperis* (Doc. 2). After due consideration I respectfully recommend that the motion be denied and that this case be remanded to the state court.

      On February 6, 2020, Plaintiff served a "Three Day Notice to Pay Rent or Give Possession" on Defendant (Doc. No. 1-1). The Notice, issued pursuant to FLA. STAT. § 83.56(3), states that Defendant is indebted to Plaintiff in the amount of $3,493.30 for renting apartment 35-101 (Id.). On February 27, 2020, Defendant filed a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441(B)" (Doc. 1). The Petition states that Defendant is removing case number 2020-CC-00576-21-S, filed in the state court for Seminole County, Florida, because the "unlawful eviction proceedings" violate the Uniform Commercial Code, 15 U.S.C. § 1692, and Plaintiff "is attempting to collect a debt in violation of the Fair Debt Collection Practices Act .... (Id.,

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.

at 1-2). Defendant alleges that this action is removable pursuant to 28 U.S.C. § 1441(b) (Id., at 2). Defendant has filed a motion to proceed *in forma pauperis* in this Court (Doc. 2). The motion states that Defendant's monthly income is $1,900, and she has one child who relies on her for support (Id., at 1, 3).

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. Herskowitz v. Reid, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing Howard v. Lemmons, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. Id.

28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states or countries. Diversity jurisdiction is a proper basis for a defendant to remove a civil action to federal court. See 28 U.S.C. § 1441(b).

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) directs the district court to review and dismiss the complaint if it determines the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. This statutory language is mandatory and applies to all proceedings *in*

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*forma pauperis.* See Boyington v. Geo Grp., Inc., No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).

Section 1915 grants broad discretion to the district court in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when a complaint is frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. Phillips, 746 F.2d at 785; Jones v. Ault, 67 F.R.D. 124, 127 (S.D. Ga. 1974). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. Phillips, 746 F.2d at 785; Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. Id. The Court may dismiss a case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall be appropriate. Local Rule 4.07(a).

Defendant provides no information regarding the citizenship of the parties, but even if she did, the Notice setting forth $3,493.30 as the amount owed establishes that the amount in controversy is far below $75,000 (Doc. 1-1). Therefore, there is no diversity jurisdiction.

There is also no federal question jurisdiction. Although Plaintiff failed to include a copy of the complaint with her Notice, the case appears to be a straightforward action to evict Defendant for the failure to pay rent, as provided in §§ 51.011 and 83.59, Florida Statutes. The eviction process for failure to pay rent is governed by the law of the state of Florida. See § 83.59, FLA. STAT. (2016). Federal question jurisdiction "exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action." Savannah Midtown LLC v. McDonald, No. 1:13-cv-3530-WSD, 2013 WL 6196559 at *1 (N.D. Ga. Nov. 27, 2013). Defendant's references to the Uniform Commercial Code and the Fair Debt Collection Practices Act, whether asserted as defenses or counterclaims, do not provide a valid basis to remove the case to this Court. Id. at *3 (remanding where pro se defendant removed state eviction action on basis of federal question at *in forma pauperis* stage). On the face of the Petition, no federal question or diversity jurisdiction exists, and therefore the Court lacks jurisdiction and the case must be remanded.

Because the defects noted above do not appear to be curable by amendment of the pleadings, I do not recommend that Plaintiff be given leave to amend.

Based on the forgoing, it is respectfully **RECOMMENDED** that the Court:

1. **DENY** the motion (Doc. No. 2);

2. **REMAND** the case; and

3. Direct the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on March 4, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties