UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CALIBRE CREST FEE OWNER LLC,

    Plaintiff,

v.                                                                    Case No. 6:20-cv-340-Orl-37GJK

KESHIA WRIGHT,

    Defendant.

_____

## ORDER

Defendant, proceeding *pro se*, filed her "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441 (B)," stating she is removing Case No. 2020-CC-00576-21-S from state court in Seminole County, Florida due to "unlawful eviction proceedings." (Doc. 1 ("**Petition**").) With the Petition, Defendant moved to proceed *in forma pauperis*. (Doc. 2 ("**IFP Motion**").) On referral, U.S. Magistrate Judge Thomas B. Smith recommends denying the IFP Motion and remanding the case for lack of jurisdiction, noting this defect does not appear curable by amendment. (Doc. 5 ("**R&R**").)

Defendant objected to the R&R, arguing without support that the R&R: (1) is unconstitutional under the Fifth and Fourteenth Amendments; (2) is unconstitutional under the Seventh Amendment; and (3) violates the Bill of Rights. (Doc. 6 ("**Objections**").) When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and

recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Here, Defendant's conclusory and general objections need not be considered as they do not identify the specific findings objected to or specify how the R&R violates the Constitution or Bill of Rights. *See Marsden*, 847 F.2d at 1548. Nevertheless, on de novo review, denial of the IFP Motion and remand are warranted—and not unconstitutional—as Defendant has not and cannot establish this Court has jurisdiction. (*See* Doc. 1); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (noting that the defendant bears the burden of establishing jurisdiction upon removal). So Defendant's Objections are due to be overruled and the R&R adopted.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.  Defendant's Objections and Responses to Report and Recommendation Pursuant to 28 USC 636(b) (1) (Doc. 6) are **OVERRULED**.

2.  U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 5) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3.  Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED**.

4.  This action is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

5.  The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 23, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party
The Circuit Court of the Eighteenth Judicial Circuit
 in and for Seminole County, Florida